Ronald Tracy *v.* Everett R. Johnson et al.

Alcorn, House, Cotter, Thim and Ryan, Js.

Argued February 6—decided February 27, 1968

*Richard S. Weinstein,* with whom was *Allan P. Cramer,* for the appellant (plaintiff).

*Edmund C. Walsh,* assistant attorney general, for the appellees (defendants).

Per Curiam. This application for a writ of habeas corpus is directed against the president of the board of trustees and the superintendent of the Connecticut school for boys in Meriden. It alleges, in substance, that the plaintiff, a minor, is being held and confined in the Connecticut school for boys illegally because his state and federal constitutional rights were violated in one or more of eight alleged particulars in the proceedings which resulted in his commitment by the Juvenile Court in 1960. All of the alleged violations are denied in the defendants' answer. In this appeal from a judgment of the Superior Court, which dismissed the application for the writ, the plaintiff, in reality, but without saying so, seeks a retrospective application of the law as enunciated in the case of *In re Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527.

The judgment appealed from was rendered September 6, 1966. The following facts are undisputed: The plaintiff will be eighteen years old on May 25, 1968. He was placed out of the Connecticut school for boys in foster care on August 18, 1966. On September 8, 1966, he was convicted in the Circuit Court of the crime of using a motor vehicle without the owner's permission; General Statutes § 14-229; and was given a suspended sentence to the Connecticut reformatory in Cheshire, with probation for one year. On April 7, 1967, he was convicted in the Superior Court on two counts of using an automobile without the owner's permission, subsequent offender, and was given a suspended sentence to the Connecticut reformatory in Cheshire, with probation for two years.

Although the writ of habeas corpus issues as a matter of right, it does not issue as a matter of course. *Wojculewicz* v. *Cummings,* 143 Conn. 624, 627, 124 A.2d 886. In a case such as the present one, the issue is the legality of the detention by the respondents, and the only permissible legal relief would be the applicant's discharge from their custody. "[I]t is a condition upon . . . [the] Court's jurisdiction to adjudicate an application for habeas corpus that the petitioner be in custody when that jurisdiction can become effective." *Parker* v. *Ellis,* 362 U.S. 574, 576, 80 S. Ct. 909, 4 L. Ed. 2d 963. The plaintiff here is no longer in the defendants' custody but, instead, is under a sentence and probation order imposed by the Superior Court. See *Weber* v. v. *Squier,* 315 U.S. 810, 62 S. Ct. 800, 86 L. Ed. 1209; see also *Parker* v. *Ellis,* supra, 588 (dissenting opinion). The present case is unlike *Ex Parte Endo,* 323 U.S. 283, 304, 65 S. Ct. 208, 89 L. Ed. 243, where the applicant for the writ was transferred, during the

pendency of the habeas corpus proceeding, to another custodian who admittedly would comply with the writ if it issued. Instead, the situation is analogous to that in *United States ex rel. Innes* v. *Crystal*, 319 U.S. 755, 63 S. Ct. 1164, 87 L. Ed. 1708, where, pending an appeal from the dismissal of an application for the writ, the applicant came under the custody and restraint of an authority separate and independent from the named respondent.

The only claim made by the plaintiff to defeat mootness in the case before us is that, unless his juvenile commitment is adjudged to be illegal, he will go through life "with a record that will prevent him from realizing any of his potential." The argument is not persuasive. The judgment of the Juvenile Court was not a conviction of a crime. General Statutes § 17-72. Neither that judgment nor any evidence offered in the Juvenile Court would be, on the record before us, admissible in a criminal proceeding against him. General Statutes § 17-73. The Juvenile Court records concerning him are open only to persons having a proper interest therein on order of the court. General Statutes § 17-57. Finally, the Juvenile Court proceedings pale into insignificance before his two subsequent convictions of crime and in particular the conviction of a felony in the Superior Court. General Statutes §§ 1-1, 14-229.

The issues sought to be raised are moot. *Whiteside* v. *Burlant,* 153 Conn. 204, 206, 215 A.2d 100.

The appeal is dismissed.