[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The Petitioner brought this habeas action asserting that he is entitled to habeas relief for reason of an alleged detainer from the state of Connecticut that prevents his release on parole by the state of Rhode Island in March of 2002.
On June 10, 2002, the Respondent filed a Motion to Dismiss the habeas petition for reason of lack of subject matter jurisdiction. The Respondent asserts that the Petitioner is being held by the state of Rhode Island and therefore the Respondent does not have custody of the Petitioner.
The record indicates that the Petitioner was not in the custody of any Connecticut facility or official for the purposes of the subject convictions, nor was he on a state of Connecticut probation or parole for the subject convictions when he filed the instant action.
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides that:
 The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof; if it determines that:
(1) the court lacks jurisdiction;
 (2) the petition, or a count thereof; fails to state a claim upon which habeas corpus relief can be granted;
 (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition;
 (4) the claims asserted in the petition are moot or premature;
 (5) any other legally sufficient ground for dismissal of the petition exists. CT Page 9698
It is undisputed that at the commencement of the instant action, the Petitioner was not in the custody of a Connecticut facility or a Connecticut Official.
 "Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus." (Citations omitted; internal quotation marks omitted.) Id., 137-38. The federal habeas statute [FN2] gives courts jurisdiction to entertain petitions for habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis in original; internal quotation marks omitted.) Maleng v. Cook, supra, 490 U.S. 490. The history of Connecticut's habeas corpus jurisprudence is "wholly in accord" with federal habeas corpus jurisprudence. Vincenzo v. Warden, supra, 26 Conn. App. 137. Thus, pursuant to General Statutes § 52-466,[FN3] a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a Petitioner who is "illegally confined or deprived of his liberty" under the challenged conviction. See also Tracy v. Johnson, 156 Conn. 630, 631, 239 A.2d 477 (1968) ("`[i]t is a condition upon . . . [the] Court's jurisdiction to adjudicate an application for habeas corpus that the Petitioner be in custody when that jurisdiction can become effective'"). (Emphasis added)
Ford v. Commr. of Correction, 59 Conn. App. 823, 826 (2000).
Pursuant to the law of this state, in order for a habeas court to have jurisdiction over a habeas matter, the Petitioner must be "in custody". In the instant action the Petitioner was not in the custody of a Connecticut facility or official, or on a Connecticut based probation or parole for the subject convictions at the time of the filing of said petition. This Court does not have jurisdiction to grant the Petitioner the relief that he seeks and therefore this matter must be dismissed. So ordered.
Richard A. Robinson July 26, 2002 CT Page 9699