[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #103 MOTION TO DISMISS RE: SUBJECT MATTER JURISDICTION
The petitioner brought this habeas action asserting actual innocence. According to the petition filed by the petitioner, on February 7, 2000, he was sentenced to six (6) years, execution suspended and three years of probation. At the time of the filing of the petition, the Petitioner was not physically in the custody of any Connecticut.
On May 2, 2002, the Respondent filed a motion to dismiss this matter for lack of subject matter jurisdiction. The Respondent asserts that the petitioner was not the custody of the "Department on the matters to which he refers in his Petiton (sic) on the date he filed his Petition." The Respondent further asserts that "the Petitioner has failed to state a claim on which habeas corpus relief can be granted . . ."
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides that:
 The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:
(1) the court lacks jurisdiction;
(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;
(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition; CT Page 12663
(4) the claims asserted in the petition are moot or premature;
(5) any other legally sufficient ground for dismissal of the petition exists.
In the instant action the Petitioner is not physically in the custody of a Connecticut facility or a Connecticut Official, nor was he so at the time that he filed this action..
"Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus." (Citations omitted; internal quotation marks omitted.) Id., 137-38. The federal habeas statutefn2 gives courts jurisdiction to entertain petitions for habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis in original; internal quotation marks omitted.) Maleng v. Cook, supra, 490 U.S. 490. The history of Connecticut's habeas corpus jurisprudence is "wholly in accord" with federal habeas corpus jurisprudence. Vincenzo v. Warden, supra, 26 Conn. App. 137. Thus, pursuant to General Statutes § 52-466, fn3 a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is "illegally confined or deprived of his liberty" under the challenged conviction. See also Tracy v. Johnson, 156 Conn. 630, 631, 239 A.2d 477 (1968) ("`[i]t is a condition upon . . . [the] Court's jurisdiction to adjudicate an application for habeas corpus that the petitioner be in custody when that jurisdiction can become effective'").
Ford v. Commr. of Correction, 59 Conn. App. 823, 826
(2000).
Although the Petitioner was not physically sitting in a correctional institution at the time of his filing of the petition, this is not a situation wherein the petitioner has served his sentence and then seeks habeas relief upon his completion of said sentence. The Petitioner in the instant action was at the time of his filing of the petition, and still is, in the process of serving a six (6) year "suspended sentence" and a three (3) year period of probation. In light of this fact, he arguably CT Page 12664 has a current liberty interest that is being affected by his status and this Court therefore has subject matter jurisdiction over the issue.
In denying the Respondent's Motion this Court only addresses the narrow issue of habeas relief for a person actively serving a suspended sentence and probationary period. It does not address the issue as to whether the Petitioner named the proper Respondent in this matter.
The Motion to Dismiss is denied.
Richard A. Robinson October 1, 2002 CT Page 12665