[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus. By her amended petition, it is alleged that petitioner's confinement in the custody of respondent was unlawful because her conviction was obtained in violation of her rights under the Constitution of the United States and the State of Connecticut because of the ineffective assistance of counsel.
On July 9, 2002, respondent moved to dismiss the petition alleging that the claim was moot. Petitioner requested an evidentiary hearing on the motion. The motion was granted and the matter was heard on November 8, 2002.
For reasons hereinafter stated, the motion to dismiss is granted.
The basis of respondent's claim is that petitioner was not in custody at the time she filed her petition. In this case, the only applicable relief which could be afforded petitioner would be discharge from custody unless a new trial were held. It is a condition upon the court's jurisdiction to adjudicate an application for habeas corpus that the petitioner be in custody when that jurisdiction can be effective. Tracyv. Johnson, 156 Conn. 630, 631 (1968). "Questions which do not concern the lawfulness of detention cannot be reviewed on habeas corpus."Vincenzo v. Warden, 26 Conn. App. 132, 138 (1991).
The issue in this case is whether or not petitioner has established that she was in custody at the time her petition was filed.
From the evidence, it is found that after conviction for a number of offenses, petitioner was sentenced to a period of incarceration. She was released from custody on January 19, 2001, having fully served her sentence. After release, she was not on parole or probation.
The original pro se petition which instituted this action is stamped "filed January 24, 2001, Superior Court-New London Judicial District of CT Page 14473 New London." The date stamp indicates that it was received by the clerk's office after the petitioner had been released from custody on the 19th.
The petition was drawn up by petitioner and notarized on January 16, 2001. Petitioner testified that she placed it in the mail on the same date. Connecticut General Statutes § 52-466 requires that the petition be made to the Superior Court for the judicial district in which petitioner was confined. Since she was confined at York C.I., the petition would have to be filed with the Superior Court for the Judicial District of New London.
In mailing the petition, petitioner relied upon a book entitled "Connecticut Prisoners' Rights," published in 1997 by the Connecticut Civil Liberties Union Foundation and the Jerome N. Frank Legal Service Organization of Yale Law School. On page 197 of this book, there is a section entitled "Addresses of State and Federal Court Clerks." This section lists the address of the New London Judicial District as "Courthouse, P.O. Box 1087, Norwich, Connecticut 06360." Petitioner mailed her petition to that address which was not a proper post office address for the clerk's office. The clerk's office in Norwich had not used a post office box address for at least four years.
In January, 2001, and for some time prior thereto, the New London Judicial District had two courthouses. The chief clerk's office in New London was post office box 671, New London, and the chief clerk's office in Norwich was One Courthouse Square, Norwich.
Despite the improper address, the petition was received in the mail by the clerk's office at Norwich. The petition was not stamped in or a notation of the date of receipt made on the document since it was the policy of the New London Judicial District that all habeas corpus matters be handled at New London. In accordance with this policy, the petition was sent to the clerk's office at New London by courier. This would have been done on the day of receipt, or the next day.
The rules require that documents received by the clerk's office be stamped in upon receipt. It is assumed that this policy was followed and that the petition was received in New London on January 24th, the date stamped on the document.
Although within the New London Judicial District all habeas corpus matters were handled by the clerk's office at New London, it must be found that the filing of the petition with the clerk at Norwich was sufficient compliance with § 52-466 to place the matter within the jurisdiction of the court. The question is whether or not the petition CT Page 14474 was filed with the clerk in Norwich prior to petitioner's release from custody on January 19, 2001.
The chief clerk at Norwich testified documents such as the petition here would have been forwarded to the clerk at New London on the day of receipt or the following day. Since the document was received by the clerk at New London on Wednesday, January 24, 2001, it must be concluded that the petition was received by the clerk's office in Norwich on Monday, January 22, 2001, or possibly January 23, 2001. It is not possible to speculate as to what may have caused the delay in the delivery of the petition to the clerk's office at Norwich. The procedure for picking up mail at the prison may have been a factor. Most likely, the improper address was also a factor.
From the evidence, however, it must be found that petitioner was not in the custody of respondent at the time the clerk's office in Norwich received the petition. Therefore, the court is without jurisdiction and the motion to dismiss must be granted. Connecticut Practice Book §23-29(1)(4).
Accordingly, the motion is granted and the petition is dismissed.
___________________ Joseph J. Purtill Judge Trial Referee CT Page 14475