### RALSTON SAMUELS *v.* COMMISSIONER OF CORRECTION
### (AC 29192)

Flynn, C. J., and Beach and Robinson, Js.

---

Argued September 8—officially released October 27, 2009

*Stephanie L. Evans*, special public defender, for the appellant (petitioner).

*Robin S. Schwartz*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Kelly A. Masi*, assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. After the habeas court granted certification to appeal, the petitioner, Ralston Samuels, filed this appeal from the judgment of the court dismissing

his first amended petition for a writ of habeas corpus on subject matter jurisdiction grounds. On appeal, the petitioner claims that the court improperly held that it did not have subject matter jurisdiction over the petition because Public Acts 2006, No. 06-152, § 5, which modified General Statutes (Rev. to 2005) § 52-466,[1] unambiguously expanded the jurisdiction of the habeas court and eliminated the "in custody" requirement from subsection (a) (2) for those petitioners who claim a deprivation of liberty and who presently are confined in a correctional facility as a result of being convicted of a crime. We affirm the judgment of the habeas court.

The following facts are necessary to the resolution of the petitioner's appeal. In April, 2000, the petitioner pleaded guilty in two criminal dockets and was sentenced to a total effective term of two years incarceration, execution suspended after time served, followed by two years of probation. It is these April, 2000 convictions that are the subject of this habeas appeal. In September, 2000, the petitioner was found guilty of several crimes in a third criminal docket and was sentenced to a total effective term of thirty years incarceration, execution suspended after fifteen years, followed by ten years of probation. The petitioner then admitted to violating his probation in the first two criminal dockets, and he was sentenced to concurrent six month terms for those violations. On the basis of the April, 2000

---

[1] General Statutes § 52-466, as amended by Public Acts 2006, No. 06-152, provides in relevant part: "(a) (1) An application for a writ of habeas corpus, other than an application pursuant to subdivision (2) of this subsection, shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty.

"(2) An application for a writ of habeas corpus claiming illegal confinement or deprivation of liberty, made by or on behalf of an inmate or prisoner confined in a correctional facility as a result of a conviction of a crime, shall be made to the superior court, or to a judge thereof, for the judicial district of Tolland. . . ."

convictions, the petitioner, who is not a citizen of the United States, was ordered deported in 2001.

In October, 2005, the petitioner, who still was incarcerated as a result of the September, 2000 conviction, filed a pro se petition for a writ of habeas corpus, challenging his April, 2000 convictions because of the collateral consequences of the trial court's deportation order. On the basis of *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 530, 876 A.2d 1178 (2005), which held that a habeas court has subject matter jurisdiction to hear a petition for a writ of habeas corpus only when the petitioner remains in custody on that conviction, the habeas court dismissed the petition for lack of subject matter jurisdiction because the petitioner had finished serving his sentences on the April, 2000 convictions. See *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 540, 911 A.2d 712 (2006) ("once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for the purposes of a habeas attack upon it" [internal quotation marks omitted]). The habeas court then granted the petitioner certification to appeal. This appeal followed.

On appeal, the petitioner claims that the court improperly dismissed his habeas petition after concluding that it did not have subject matter jurisdiction because he did not meet the "in custody" requirement. He argues that Public Acts 2006, No. 06-152, eliminated *Lebron*'s in custody requirement from § 52-466 (a) (2), thereby expanding the jurisdiction of the habeas court to include cases in which the sentence has already been served, such as his April, 2000 convictions. The respondent, the commissioner of correction, although strongly disagreeing with the petitioner's construction of the changes to § 52-466, argues, nonetheless, that, even if the petitioner were correct, such a legislative change clearly would be substantive in nature and,

therefore, would apply only prospectively. During oral argument before this court, the petitioner agreed that his construction of § 52-466, as amended, equates to a substantive change in the law. We agree that such a change would be substantive. Furthermore, we conclude that, even if we, arguendo, were to agree with the petitioner's construction of § 52-466,[2] the changes in the law could not be applied to his petition because a retroactive application was not set forth by the legislature.

"It is axiomatic that, [w]hether to apply a statute retroactively or prospectively depends upon the intent of the legislature in enacting the statute. . . . In seeking to discern that intent, [a court's] point of departure is . . . [General Statutes] § 55-3,[3] which . . . [our Supreme Court has] uniformly interpreted . . . as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . The [l]egislature only rebuts this presumption when it clearly and unequivocally expresses its intent that the legislation shall apply retrospectively. . . . As a corollary to this principle, [our Supreme Court also has] presumed that procedural or remedial statutes are intended to apply retroactively absent a clear expression of legislative intent to the contrary. . . . While there is no precise definition of either [substantive or procedural law], it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress." (Citations omitted; internal quotation marks omitted.) *State* v. *Skakel*, 276 Conn. 633, 679–81, 888 A.2d 985, cert. denied, 549 U.S. 1030,

---

[2] This purely is for argument sake only and should not be read to imply any agreement with the petitioner's construction of § 52-466.

[3] General Statutes § 55-3 provides: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect."

127 S. Ct. 578, 166 L. Ed. 2d 428 (2006); see *Mead* v. *Commissioner of Correction*, 282 Conn. 317, 323–26, 920 A.2d 301 (2007) (concluding that substantive amendment, which changed indeterminate life sentences to determinate sixty year sentences, applied only prospectively when legislature gave no clear and unequivocal expression of retroactivity).

During oral argument before this court, the petitioner clearly conceded that if his construction of § 52-466, as amended, is correct, which we do not decide in this appeal, the legislative changes would be substantive. His construction could be applied prospectively only because the statute contains no clear and unequivocal expression from the legislature that such substantive changes would apply retroactively. Accordingly, we reject the petitioner's claim, which would require a retroactive application of § 52-466 as amended.

The judgment is affirmed.

In this opinion the other judges concurred.