MICHAEL MOURNING *v.* COMMISSIONER
OF CORRECTION
(AC 30744)

Bishop, DiPentima and Tyma, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 4—officially released April 27, 2010

*Wayne A. Francis*, special public defender, for the appellant (petitioner).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Warren C. Murray*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

TYMA, J. After the habeas court granted certification to appeal, the petitioner, Michael Mourning, filed this appeal from the judgment of the court dismissing his amended petition for a writ of habeas corpus for lack of subject matter jurisdiction. The petitioner claims on appeal that the court improperly dismissed his petition because the court failed (1) to consider the challenge to his current conviction based on his claim that he was "in custody" for sale of narcotics within the meaning of General Statutes § 52-466, (2) to construe his amended petition liberally as a challenge to his conviction of sale of narcotics to the extent that the sentence may have been enhanced by the allegedly invalid findings that he violated his probation, which was imposed when he was convicted of certain crimes in 1996, and (3) to construe his petitions for a writ of habeas corpus as a writ of error coram nobis. We affirm the judgment of the habeas court.

The record reveals the following relevant facts and procedural history. On August 7, 1996, the trial court, *Mihalakos, J.*, sentenced the petitioner in three criminal dockets to a total effective term of twenty years imprisonment, with execution suspended after ten years, and five years probation. The court sentenced the petitioner as follows: (1) docket number CR-94-90346-S (docket A) to a term of fifteen years imprisonment, with execution suspended after ten years, and five years probation; (2) docket number CR-95-91109-S (docket B) to a term of fifteen years imprisonment, with execution suspended after ten years, to run concurrently to docket A; and (3) docket number CR-95-92193 (docket C) to a term

of five years imprisonment, with execution suspended, to run consecutively to dockets A and B.[1]

The petitioner was remanded to the custody of the respondent, the commissioner of correction, and released from incarceration after completing the unsuspended portion of his sentence. After his release, the petitioner was arrested in 2007 and charged with one count of sale of narcotics in violation of General Statutes § 21a-277. He also was charged with three counts of violation of probation in contravention of General Statutes § 53a-32. The probations had resulted from his 1996 convictions. On February 25, 2008, as part of a plea agreement, the petitioner admitted before the trial court, *Iannotti, J.*, to violating his probation on each of the three criminal dockets relating to his 1996 convictions. The court terminated the probations, accepted the petitioner's guilty plea to sale of narcotics and sentenced him on that charge to fifteen years imprisonment, with execution suspended after three years, and four years probation.

[1] The sentencing transcript reflects the following: "Accordingly, this court is going to sentence you as follows: In the file CR-94-90346-S, this court is going to sentence you to fifteen years, execution suspended after ten; in the file CR-95-91109-S, fifteen years, execution suspended after ten. These are to run consecutive—I'm sorry—concurrent. These are going to run concurrent. On the third, CR-95-92193, this court sentences you to five years, execution suspended, and that's to run consecutive with the other two, making it an effective sentence of twenty years, execution suspended after ten, five years probation. They cannot run on a consecutive basis, so this court will just sentence you to five years probation on the first charge, CR-94-90346-S. Again, the effective sentence being twenty years, execution suspended after ten, five years probation."

The mittimus record concerning docket A shows the petitioner's sentence of imprisonment as "15 years, suspended after 10 years, probation 5 years [c]oncurrent with CR-95-91109-S." The mittimus record concerning docket B shows the petitioner's sentence of imprisonment as "15 years, suspended after 10 years, [c]oncurrent with CR-94-903465-S." The record of the sentencing reflects that the court imposed probation only on docket A and not on dockets B and C. Such a sentence is not in accordance with General Statutes § 53a-28 (b) providing that any suspended sentence requires a period of probation. The respondent states in its brief that the "sentence was understood as meaning that probation was imposed on all three files."

On June 6, 2008, the petitioner, acting as a self-repre-sented party, filed a petition for a writ of habeas corpus. At the time that he filed his petition, the petitioner had served his period of incarceration in connection with his 1996 convictions, and the associated findings of violation of probation had been terminated by the court. Therefore, those sentences were no longer in existence. The petitioner was serving only the sentence that he had received for his conviction of sale of narcotics.

The petitioner alleged in his original petition that he could not be charged with, and found to have violated, his probation as a consequence of his arrest for sale of narcotics. He maintained that his probation was imposed by the trial court in his 1996 sentencing only on docket C and not on dockets A and B. More particu-larly, the petitioner asserted that his probation on docket C, which was a suspended sentence, was served and completed while he remained incarcerated on dock-ets A and B. The petitioner argued, consequently, that he was no longer on probation at the time he was arrested in 2007 for sale of narcotics, and the resulting findings of violation of probation were invalid. He requested that the habeas court make a "correct calcula-tion of probation." The petitioner then filed an amended petition on July 15, 2008, in which he alleged that his "several dirty urines were insufficient proof of violating the conditions of [his 1996] probation[s]" and that in relation to "[t]he criminal arrest on August 6, 2007 the evidence was insuffic[i]ent proof of his conduct selling narcotics to be in violation of probation in violation of [§] 21a-277 (a)."[2]

---

[2] The habeas court's memorandum of decision states the following: "On July 15, 2008, the petitioner filed a pleading captioned 'Amended Petition.' As ascertained by the court during the hearing on [the] respondent's motion to dismiss, the petitioner intends the claims pleaded on July 15, 2008, to be added to those in the petition filed June 6, 2008. Accordingly, the court will view both pleadings as containing all of the petitioner's claims."

The respondent filed a motion to dismiss the petition on the ground that the habeas court lacked subject matter jurisdiction. The respondent claimed that the petitioner could not demonstrate that he was "in custody" at the time he filed his petition challenging the findings of violation of probation because the probationary terms had been terminated by Judge Iannotti immediately prior to the petitioner's being given his current sentence on the sale of narcotics charge.[3]

The habeas court agreed with the respondent and concluded that the petitioner was no longer "in custody" on the findings of violation of probation. In reviewing the procedural posture of the case, the court noted that "[t]he sentencing transcript indicates that [the trial court] sentenced the petitioner to five years probation on the first docket, i.e., [docket A]."[4] The court reasoned that "[t]he petitioner initiated this matter on June 6, 2008, several months *after* Judge Iannotti ordered the probations in [dockets A, B and C] terminated. Thus, the petitioner was neither serving [the] to-serve portion of any [of the] three sentences imposed for those dockets, nor was he on parole, nor was he on probation. The petitioner simply was not in anyone's

___

[3] It is undisputed that the petitioner's probation had been terminated before he filed his petition.

[4] The respondent claims that the habeas court expressly found that Judge Mihalakos sentenced the petitioner to probation on docket A, and that finding "obviates any need to venture further in this case," including reaching the issue of the habeas court's subject matter jurisdiction. We disagree. "[U]nlike jurisdiction over the person, subject matter jurisdiction cannot be created through consent or waiver. . . . Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case. . . . Whenever a court finds that it has no jurisdiction, it must dismiss the case, without regard to previous rulings." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 258 Conn. 804, 813, 786 A.2d 1091 (2002). "Indeed, [i]t is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 533, 911 A.2d 712 (2006).

'custody' for the sentences in [dockets A, B and C] because all three had completely expired. It was, therefore, impossible for the petitioner to be legally restrained due to any or all of the sentences originally imposed by [the trial court] in [those] docket[s]." (Emphasis in original.) In view of its conclusions, the court rendered judgment dismissing the petition for lack of subject matter jurisdiction.

On October 14, 2008, the habeas court granted certification to appeal. This appeal ensued.

I

The petitioner first argues that the court improperly granted the respondent's motion to dismiss on the ground that the petitioner was not "in custody" on the challenged conviction. Specifically, the petitioner claims that he was "in custody" on the 2008 narcotics conviction when he filed his petition and that his petition challenged that conviction. The petitioner asserts that the habeas court erred in failing to address on the merits his attack on that conviction. We disagree.

"As a preliminary matter, we set forth the applicable standard of review. The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 512, 876 A.2d 1178 (2005).

"A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy." (Internal quotation marks omitted.) *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 191, 932 A.2d 467 (2007), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008). "Our Supreme Court has held that the party bringing the action bears the burden of proving that the court has subject matter jurisdiction. . . . [W]ith regard to subject matter jurisdiction, jurisdictional facts are [f]acts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court . . . ." (Citation omitted; internal quotation marks omitted.) Id., 193.

Our state's habeas proceedings are defined by General Statutes § 52-466 (a) (1), which provides in relevant part that "[a]n application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty."

In *Lebron*, our Supreme Court held that "the custody requirement in § 52-466 is jurisdictional." *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 526. Accordingly, "a habeas court has subject matter jurisdiction to hear a petition for a writ of habeas corpus only when the petitioner remains in custody on that conviction . . . ." *Samuels* v. *Commissioner of Correction*, 117 Conn. App. 740, 743, 980 A.2d 945 (2009). "[C]onsiderations relating to the need for finality of convictions and ease of administration . . . generally preclude a habeas petitioner from collaterally attacking expired convictions. . . . Thus, once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for the purposes of a habeas attack upon it." (Citations omitted; internal quotation marks omitted.) *Young* v.

*Commissioner of Correction,* supra, 104 Conn. App. 191–92.

The petitioner asserts that the habeas court improperly failed to construe his amended petition as a challenge to his current conviction of sale of narcotics.[5] He argues that the court improperly limited its consideration to the sole issue raised by the respondent in the motion to dismiss; that is, that the petitioner was no longer "in custody" on the findings of violation of probation, and, therefore, the court lacked the subject matter jurisdiction to consider his challenge to those findings. The petitioner seeks to have the matter remanded to the habeas court for an evidentiary hearing on his claim.

The original petition filed by the petitioner consisted of a preprinted department of correction form. On the line provided for identifying the name of the sentencing judge, the petitioner wrote the name of Judge Mihalakos. On the line provided for listing his sentences, the petitioner clearly set forth only the 1996 convictions, which he specifically referred to by docket number. In the section of the standard form for the petitioner to set forth his claim as to the nature of the illegality of his conviction, the petitioner wrote that his "sentence is not being calculated accurately (Probation)." The petitioner indicated on the form that he was requesting the court to "correct calculation of probation." The form does not contain either a direct or indirect reference to the petitioner's 2008 narcotics sentence.

In his handwritten amended petition, the petitioner alleged that in relation to "[t]he criminal arrest on August 6, 2007 the evidence was insufficient proof of his conduct selling narcotics to be in violation of probation in violation of [§] 21a-277 (a)" and "[t]he several

---

[5] It is undisputed that the petitioner was "in custody" within the meaning of § 52-466 on his conviction of sale of narcotics when he filed his original petition for a writ of habeas corpus and his amended petition.

dirty urines were insufficient proof of violating the conditions of probation in violation of [§] 53a-32."

"It is well settled that [t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . The purpose of the [petition] is to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 519.

In its memorandum of decision granting the respondent's motion to dismiss, the habeas court indicated that it would "view" both the original and amended petitions "as containing all of the petitioner's claims." The court stated that "[t]he claims in the amendment challenge the sufficiency of proof for the *violations of probation*. The court notes that the transcript of the February 25, 2008 plea and sentencing proceeding before Judge Iannotti shows that the petitioner specifically admitted that the facts recited by the state's attorney were essentially correct." (Emphasis added.)

We conclude that the habeas court properly construed the petitions as challenging only the findings of violation of probation. The original petition concerned only the findings of violation of probation. The petitioner alleged in his amended petition that there was "insufficient proof of his conduct selling narcotics *to*

*be in violation of probation* in violation of [§] 21a-277 (a)." (Emphasis added.) He did not allege, as asserted on appeal, that there was insufficient evidence to support his conviction of sale of narcotics.

The case of *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 877 A.2d 761 (2005), involves similar facts. Therein, the petitioner appealed from the judgment of the Appellate Court affirming the habeas court's sua sponte dismissal of his petition for a writ of habeas corpus. Id., 565. "The opinion of the Appellate Court sets forth the following facts and procedural history. On April 25, 1995, the petitioner was convicted of two crimes under docket numbers CR7-16272 and CR7-163805. On CR7-16272, he was sentenced to incarceration for one year; on CR7-163805 he was sentenced to incarceration for three months to run consecutive to the one year term for a total effective sentence of fifteen months incarceration (April sentences or April convictions). On September 1, 1995, the petitioner was convicted on another charge and sentenced to fifteen years of incarceration, execution suspended after seven years, with five years of probation (September sentence or September conviction). The September sentence was to run concurrent to the April sentences. One hundred and twenty-nine days passed between the imposition of the April sentences and the imposition of the September sentence." (Internal quotation marks omitted.) Id., 565–66.

The petitioner in *Oliphant*, acting as a self-represented party, filed his petition after the April sentences fully were completed and when he was "in custody" only on his September conviction. Id., 568–69. His petition, on its face, challenged only his April convictions. The petitioner claimed that "the Appellate Court failed to construe his petition broadly as an attack on his September conviction." Id., 569.

Our Supreme Court held that the habeas court properly construed the petition as contesting only the petitioner's April convictions. Id., 571. In reaching its conclusion, the court stated: "In his habeas petition, the petitioner listed only the April convictions, which he referred to specifically by docket number. Under '[t]otal effective sentence,' the petitioner typed: 'Fifteen (15) Months.' He listed April 25, 1995, as the sentencing date. Although his petition makes an indirect and passing reference to the September sentence, this reference cannot be read as an allegation that the September sentence had been *enhanced* by the April convictions, even under a broad and liberal reading." (Emphasis in original.) Id., 570–71.

Similarly, under the circumstances of this case, the petitioner's passing reference in his amended petition to his arrest in 2007 for sale of narcotics cannot be read as an attack on his resulting sentence on that charge, even under the most liberal reading of the petitions. Accordingly, we conclude that the habeas court properly construed the original and amended petitions together as contesting only the findings that the petitioner violated his probation.

## II

The petitioner further claims that the habeas court erred in not liberally construing his amended petition as a challenge to his conviction of sale of narcotics on the basis of his argument that his sentence may have been enhanced by the allegedly invalid findings of violation of probation. In this regard, the petitioner asserts that he is permitted to challenge the violation of probation findings in accordance with *Lackawanna County District Attorney* v. *Coss*, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001).[6]

---

[6] "In *Lackawanna County District Attorney* [v. *Coss*, supra, 532 U.S. 401–404], a majority of the United States Supreme Court . . . conclud[ed] that . . . '[the] petition can be (and has been) construed as asserting a challenge to the [current] senten[ce], as enhanced by the allegedly invalid

As discussed in part I of this opinion, we conclude that the habeas court properly construed the petitions as an attack on the findings that the petitioner violated his probation and not on his present sentence for sale of narcotics. Unlike the facts in *Lackawanna County District Attorney*, the record here demonstrates that the petitioner failed to raise before the habeas court the claim that he was challenging his current sentence as it may have been improperly enhanced by the prior findings of violation of probation.[7] Nevertheless, the petitioner maintains that because he filed his petitions as a self-represented party, the court should have construed his petitions liberally as challenging his conviction of sale of narcotics. We disagree.

"[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . The modern trend . . . is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . The courts adhere to this rule to ensure that pro se litigants receive a full

---

prior [1986] conviction[s].' . . . The court then considered 'the question . . . [as to] the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance.' . . . A majority of the court concluded that 'considerations relating to the need for finality of convictions and ease of administration' . . . generally preclude a habeas petitioner from collaterally attacking expired convictions. Accordingly, the majority held that 'once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the [petitioner] generally may not challenge the enhanced sentence through a petition under [28 U.S.C.] § 2254 on the ground that the prior conviction was unconstitutionally obtained.' " (Citations omitted.) *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 516–17.

[7] The petitioner admits in his brief that he failed to make such a claim in his petitions.

and fair opportunity to be heard, regardless of their lack of legal education and experience . . . . This rule of construction has limits, however. Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. . . . A habeas court does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . In addition, while courts should not construe pleadings narrowly and technically, courts also cannot contort pleadings in such a way so as to strain the bounds of rational comprehension." (Citations omitted; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, supra, 274 Conn. 569–70.

We decline to "strain the bounds of rational comprehension" by construing the petitions in this case as challenging the petitioner's current sentence for sale of narcotics as possibly enhanced by his probation violations. The habeas court stated in its decision that it considered the claims raised in both petitions. The petitioner's original petition clearly concerned only his probation violations. The amended petition references the petitioner's 2007 arrest for "selling narcotics . . . ." It fails to mention his subsequent conviction in 2008 on that charge. In view of the foregoing, the court reasonably construed the petitions only as attacking the petitioner's probation violations. We conclude that the habeas court properly construed the petitions in granting the respondent's motion to dismiss.

III

Finally, the petitioner claims that, if this court concludes that the habeas court lacked subject matter jurisdiction over the petitions for a writ of habeas corpus, then the habeas court improperly failed to construe his petitions as a writ of error coram nobis.[8] The petitioner

---

[8] "A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the

asserts that the court properly could have exercised jurisdiction based on such a pleading. The petitioner concedes in his brief that the issue is being raised for the first time on appeal.

"We have stated repeatedly that we ordinarily will not review an issue that has not been properly raised before the trial court." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 550, 911 A.2d 712 (2006) (declining to review petitioner's claim that habeas court should have construed petition as writ of error coram nobis because claim had not been preserved). The petitioner, however, invites us to review his claim pursuant to our inherent supervisory authority. We decline to do so. "[I]n certain instances, dictated by the interests of justice, we may, sua sponte, exercise our inherent supervisory power to review an unpreserved claim that has not been raised appropriately under the . . . plain error [doctrine]. . . . [O]ur supervisory powers are invoked only in the rare circumstance where [the] traditional protections are inadequate to ensure the fair and just administration of the courts . . . ." (Citation omitted; internal quotation marks omitted.) *Smith* v. *Andrews*, 289 Conn. 61, 79, 959 A.2d 597 (2008). Our supervisory powers are reserved for extraordinary circumstances that are not implicated by the present case.

The judgment is affirmed.

In this opinion the other judges concurred.

same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . The facts must be unknown at the time of the trial without fault of the party seeking relief. . . . A writ of error coram nobis lies only in the unusual situation [in which] no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." (Citations omitted; internal quotation marks omitted.) *State* v. *Das*, 291 Conn. 356, 370–71, 968 A.2d 367 (2009).