## JOSE ALVARADO *v.* COMMISSIONER OF CORRECTION
### (AC 22727)

Foti, Flynn and Healey, Js.

Argued February 20—officially released April 1, 2003

*Vicki H. Hutchinson,* special public defender, for the appellant (petitioner).

*James A. Killen,* assistant state's attorney, with whom were *Walter D. Flanagan,* state's attorney, and *Robin S. Schwartz,* deputy assistant state's attorney, for the appellee (respondent).

*Temmy Ann Pieszak* filed a brief for the habeas corpus unit of the office of chief public defender as amicus curiae.

*Opinion*

PER CURIAM. The petitioner, Jose Alvarado, appeals from the dismissal of his petition for a writ of habeas corpus and from the denial of his petition for certification to appeal from that dismissal. He claims that the habeas court abused its discretion both in denying his petition for certification to appeal and in declining to issue the writ. We dismiss the appeal.

On June 25, 2001, the petitioner filed a pro se petition, alleging that his confinement was illegal because a "parole hearing was denied [him] or the hearing was

improper."[1] On October 9, 2001, the court summarily dismissed the petition pursuant to Practice Book § 23-24 (a) (2)[2] as being "frivolous on [its] face" for failing to allege specific facts of ineffective assistance of counsel or "any other claim[s] as to why [the petitioner's] conviction is illegal."

The court clerk mailed notice of the court's judgment to the petitioner on October 11, 2001. On October 29, 2001, the petitioner filed his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus. The court, on December 6, 2001, denied the petition for certification to appeal as "untimely." On December 21, 2001, the court granted the petitioner's application for a waiver of fees and costs on appeal, and appointed appellate counsel for the petitioner. We conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The petitioner does not dispute that he did not file his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus within ten days after the court dismissed such petition, as required by General Statutes (Rev. to 2001) § 52-470 (b).[3] He

[1] The petitioner did not claim that his conviction was illegal because of ineffective assistance of counsel, actual innocence, improper sentence, involuntary plea, incompetence at plea, illegal arrest or improper sentence. The petitioner alleged that the judgment of conviction followed his plea of guilty.

[2] Practice Book § 23-24 (a) provides in relevant part: "The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that . . .

"(2) the petition is wholly frivolous on its face . . . ."

[3] General Statutes (Rev. to 2001) § 52-470 (b) provides in relevant part: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

argues that for reasons that he did not present to the court, the court should have nonetheless excused his untimely filing and that the court had a duty, *sua sponte*, to inquire into the reasons for the untimely filing. The petitioner cannot furnish any authority requiring an affirmative duty, in the absence of a request by the petitioner, for a habeas court to *sua sponte* inquire into the reasons for an untimely filing.

A decision to entertain an untimely filing is left to the sound discretion of the court, which should consider the reasons set forth for such a delay. See *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 700, 699 A.2d 1003 (1997). "The trial judge's discretion, which is a legal discretion, should be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . Moreover, we must make every reasonable presumption in favor of the proper exercise of the trial court's discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *McKnight*, 191 Conn. 564, 576–77, 469 A.2d 397 (1983); see also *State* v. *Riddick*, 61 Conn. App. 275, 282, 763 A.2d 1062, cert. denied, 255 Conn. 946, 769 A.2d 61 (2001). As a reviewing court, we look only to whether the habeas court acted reasonably in the exercise of its discretion.

The petitioner has failed to sustain his burden of establishing that the denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been done.

The appeal is dismissed.