# KANIYN PARKER *v.* COMMISSIONER OF CORRECTION
## (AC 30458)

Flynn, C. J., and DiPentima and Borden, Js.

Submitted on briefs September 3—officially released October 27, 2009

*Michael Oh*, special public defender, filed a brief for the appellant (petitioner).

*Gail P. Hardy*, state's attorney, *Deborah Mabbett*, senior assistant state's attorney, and *Melissa L. Streeto*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

FLYNN, C. J. Traditionally, our law has required that a person be in custody in order to make a habeas challenge to his criminal sentence. In *Garlotte* v. *Fordice*, 515 U.S. 39, 41, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995), the United States Supreme Court upheld a habeas petitioner's right to challenge a conviction on the first expired sentence in a series of consecutive sentences because the expired sentence persisted to postpone the petitioner's eligibility for parole. In the case before us, the petitioner, Kaniyn Parker, appeals following the habeas court's denial of his petition for certification to appeal from the court's judgment dismissing his petition for a writ of habeas corpus on the ground that the court did not have jurisdiction over the petition. He seeks to extend *Garlotte* to permit his attack on a sentence from which he was released from custody on April 7, 2001, because it has been used to enhance the sentence for a Florida conviction in the United States District Court for which he received a sentence of 262 months incarceration. We decline to extend *Garlotte* that far and dismiss the petition.

We first observe that the habeas court denied certification to appeal because the certification request was untimely. We note that the court's decision dismissing the petitioner's habeas petition was rendered on August

8, 2008, and that the clerk gave notice of it to the petitioner on the same day. However, the petitioner did not file with the clerk his petition for certification to appeal until September 18, 2008. Our statutes and rules of practice require that any petition for certification to appeal must be filed with the judge who decided the case within ten days of issuance of the decision sought to be reviewed. General Statutes § 52-470 (b); Practice Book § 80-1. No extension of that time period was sought, nor was any extension granted by the habeas judge. The request therefore was untimely.

We nonetheless address the merit of the petitioner's argument, which was briefed by both the petitioner and the respondent, the commissioner of correction, namely, whether the habeas court properly dismissed the petition for lack of jurisdiction. Our standard of review is plenary when examining whether jurisdiction exists. *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 512, 876 A.2d 1178 (2005). In conducting that plenary review, we assume that the facts pleaded in the petitioner's complaint are true and construe the allegations most favorably to the petitioner. See id.

We first point out that the petitioner concedes that his federal sentence is not consecutive to the state sentence he now seeks to challenge. His state sentence had expired approximately three years before his Florida federal sentence was imposed.

General Statutes §§ 52-466 (a) (1) and (2) and 52-466 (b) make it clear that habeas relief is limited to persons "illegally confined" or "deprived of . . . liberty . . . ." We agree with the petitioner that our case law has been consistent that a habeas petitioner does not remain in custody merely because that conviction was used to enhance a subsequent sentence. *McCarthy* v. *Commissioner of Correction*, 274 Conn. 557, 562–63, 877 A.2d 758 (2005); *Lebron* v. *Commissioner of Correction*,

supra, 274 Conn. 530. We reject the petitioner's suggestion that, because *Garlotte* held that a defendant satisfied the "in custody" requirement for an expired sentence if the petitioner still were serving a consecutive sentence, the holding should be extended to nonconsecutive enhanced sentences that the petitioner is serving for the commission of a later unrelated crime.

The *Garlotte* court was interpreting the federal habeas statute; see 28 U.S.C. § 2254 (a) and 28 U.S.C. § 2241 (c) (1) through (5); not our state habeas statute. The rationale for the *Garlotte* ruling was that consecutive sentences were a "continuous stream" and that, therefore, a petitioner remains "in custody" until all of his sentences are served. *Garlotte* v. *Fordice*, supra, 515 U.S. 41. That rationale is inapplicable to a habeas petition addressing a nonconsecutive sentence that had been completely served when an enhanced federal sentence was imposed three years after the petitioner's first sentence expired. In short, there is nothing continuous about a second sentence that does not immediately follow a first.

In fact, *Garlotte* distinguished the consecutive sentence scenario from the sentence enhancements of the kind that the petitioner argues habeas jurisdiction should include. The Supreme Court reaffirmed the rationale of its prior holding in *Maleng* v. *Cook*, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam). The *Garlotte* court said: "The question presented in *Maleng* was whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. [*Maleng* v. *Cook*, supra, 492]. We held that the potential use of a conviction to enhance a sentence for subsequent offenses did not

suffice to render a person 'in custody' within the meaning of the habeas statute. . . .

"*Maleng* recognized that we had very liberally construed the 'in custody' requirement for purposes of federal habeas, but stressed that the Court had never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. . . . Almost all States have habitual offender statutes, and many States provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions . . . hence, the construction of 'in custody' urged by the habeas petitioner in *Maleng* would have left nearly all convictions perpetually open to collateral attack. The *Maleng* petitioner's interpretation, we therefore commented, would read the 'in custody' requirement out of the statute." (Citations omitted.) *Garlotte* v. *Fordice*, supra, 515 U.S. 45.

We decline to read the "in custody" requirement out of our statute when the sentence challenged is not consecutive to a later imposed sentence simply because the commission of the first challenged offense has been used to enhance a sentence imposed for commission of a later crime. Such a course would sap the finality of many criminal judgments and is inconsistent with our precedent.

We review a habeas court's denial of a petition for certification to appeal from the judgment of the court for an abuse of discretion. *Crespo* v. *Commissioner of Correction*, 292 Conn. 804, 811, 975 A.2d 42 (2009). We conclude that the habeas court did not abuse its discretion by denying certification to appeal. The petition for certification to appeal from the habeas court's judgment was untimely. The jurisdictional issues the petitioner raises are not debatable among jurists of reason, nor has the petitioner shown that a court could

resolve the issues in a different manner, and the questions are inadequate to deserve encouragement to proceed further. See id.

The appeal is dismissed.

In this opinion the other judges concurred.