LUIS FERNANDEZ *v.* COMMISSIONER
OF CORRECTION
(AC 30767)

Bishop, Gruendel and Beach, Js.

Argued September 23—officially released November 23, 2010

*Luis Fernandez*, pro se, the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, was *Stephen J. Sedensky III*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Luis Fernandez, appeals following the denial of his petition for certification to appeal[1] from the order of the habeas court declining to issue a writ of habeas corpus in accordance with Practice Book § 23-24 (a) (2).[2] The petitioner claims

---

[1] The record reflects that the habeas court declined to act on the petition for certification to appeal. We previously have construed such inaction as a denial. See *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 141, 958 A.2d 790 (2008), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009). Accordingly, we treat it as such in this opinion.

[2] Practice Book § 23-24 (a) provides in relevant part: "The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction;

"(2) the petition is wholly frivolous on its face; or

"(3) the relief sought is not available . . . ."

that the court improperly determined that his petition for a writ of habeas corpus was wholly frivolous on its face.[3] We dismiss the appeal.

The petitioner was convicted, after a jury trial, of five counts of sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and five counts of possession of narcotics in violation of General Statutes § 21a-279 (a), and, after a trial to the court on one count of violation of probation, was found to be in violation of General Statutes § 53a-32. The petitioner was sentenced to a total effective term of twenty-eight years imprisonment. The petitioner's conviction and violation of probation were affirmed by this court on direct appeal. See *State* v. *Fernandez*, 76 Conn. App. 183, 818 A.2d 877, cert. denied, 264 Conn. 901, 823 A.2d 1220 (2003).

On November 18, 2008, the petitioner filed a petition for a writ of habeas corpus, alleging that he is being illegally confined. Upon review, the habeas court, on November 26, 2008, declined to issue the writ of habeas corpus on the ground that the petition was wholly frivolous on its face pursuant to Practice Book § 23-24 (a) (2). On December 15, 2008, the petitioner filed a petition for certification to appeal and an application for waiver of fees, costs and expenses and the appointment of counsel. The court declined to rule on the petition for certification to appeal on the ground that it did not comport with General Statutes § 52-470 (b) because there was no judgment on the merits after a hearing

---

[3] The petitioner also claims that the court improperly denied his motion for the appointment of counsel, both for purposes of filing a petition for certification to appeal and to represent him in his appeal of the court's determination of his petition as wholly frivolous. "Because Practice Book § 63-7 provides that the [petitioner's] sole remedy for review of the court's order concerning the appointment of counsel is by motion for review, the [petitioner] cannot properly raise this claim by way of a direct appeal or amended appeal." *State* v. *Casiano*, 122 Conn. App. 61, 71, 998 A.2d 792 (2010). Accordingly, we decline to review this claim.

and the matter was not tried to a court. The court granted the application for waiver of fees, costs and expenses, but denied the motion for the appointment of counsel. The petitioner subsequently filed a motion for rectification and articulation. The court denied the motion for rectification, finding that it was neither warranted nor necessary. In response to the motion for articulation, the court stated that it did not appoint appellate counsel or refer the matter to the office of the public defender because the petitioner was not entitled to appointed counsel as a matter of law in a frivolous matter. This appeal followed.

"Faced with the habeas court's denial of certification to appeal [under General Statutes § 52-470 (b)], a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A habeas appeal that satisfies one of the criteria set forth in *Lozada* v. *Deeds*, [498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)], is not, however, frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Thus, if an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria identified in [*Lozada* v. *Deeds*, supra, 432] and adopted by this court for determining the propriety of the habeas court's

denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed [and the appeal dismissed]." (Citation omitted; internal quotation marks omitted.) *Ankerman* v. *Commissioner of Correction*, 122 Conn. App. 246, 250–51, 999 A.2d 789, cert. denied, 298 Conn. 922, 4 A.3d 1225 (2010).

In his petition for a writ of habeas corpus, the petitioner alleged that he is a "foreign national," who is being treated as a "slave" and a "prisoner of war" in that he is being held at the "plantation of MacDougall-Walker" in violation of his constitutional rights and "Geneva Convention Treaties, Convention Against Torture, European Convention on Human Rights and U.S. Human Rights Acts." He asserted that his status as a "slave" and "prisoner of war" constitutes both a deprivation of due process and cruel and unusual punishment, and that he is being improperly held as an "enemy combatant" as a result of "Post Sept[ember] 11" policies of the government. Because the record amply reveals that the petitioner is not a "prisoner of war" and is not "enslaved" but, rather, is incarcerated as a result of convictions for crimes of which he was found guilty, we conclude that the court did not abuse its discretion in determining that the petition was frivolous and declining to issue a writ of habeas corpus.[4]

The appeal is dismissed.

---

[4] The petitioner does appear to set forth a potentially cognizable double jeopardy claim, contending that "a conviction on one set of facts of both possession of narcotics by a person who is not drug-dependent and simple possession of narcotics, is fatally defective, invalid, and . . . void on its face." The petitioner's claim in this regard, however, is factually inaccurate. Specifically, as set forth in his petition, the petitioner was not convicted of those crimes but was, in fact, convicted of possession of narcotics and *sale* of narcotics. Thus, because the allegations set forth in the petitioner's petition refute his double jeopardy claim, his petition is frivolous in this regard as well. See *State* v. *Fernandez*, supra, 76 Conn. App. 183.