******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ULISES COLLAZO *v.* COMMISSIONER
OF CORRECTION
(AC 35789)

Sheldon, Keller and Prescott, Js.

*Argued October 28, 2014—officially released January 6, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Michael D. Day*, for the appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with
whom were *Stephen J. Sedensky III*, state's attorney,
and, on the brief, *Marcia A. Pillsbury*, deputy assistant
state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ulises Collazo, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion by denying his petition for certification to appeal, and (2) erred in concluding that his trial counsel did not render ineffective assistance of counsel. We dismiss the appeal on the basis of our conclusion that the petitioner has failed to challenge the ground underlying the court's denial of his petition for certification to appeal.

The following facts, as set forth by this court in an earlier appeal and by the habeas court, and procedural history are relevant here. "On July 30, 2004, Rudy Ortiz, the president of the Danbury Latin Kings, was involved in a fight with several young men from Stamford. Ortiz was angry about the fight and wanted revenge. Ortiz crafted a plan to seek his revenge and arranged for Sabrina Colon, who knew one of the men from Stamford, Keven Louis, to invite the Stamford men to Danbury. On August 2, 2004, five men from Stamford, Louis, Cliff Certillian, Kenny Poteau, Herbie Servil and Stanley Bruno, arrived at a basketball court at Eden Drive in Danbury. Waiting in the bushes to ambush the five Stamford men were Ortiz, Juan Macias, Luis Guzman, Alex Garcia, the defendant and a few others. As the five Stamford men walked onto the basketball court, Macias and the defendant followed them. After a prearranged signal, the defendant threw the first punch, and the remaining Danbury men ran out from the bushes to continue the assault. Gunshots were heard. Garcia had a nine millimeter assault rifle and shot Louis once in the leg and at least once more in the abdomen. Servil suffered twelve to thirteen separate stab wounds to his back, abdomen and right arm, one of which damaged his liver. Bruno ran off but was either shot or stabbed in the back, resulting in a collapsed lung." *State* v. *Collazo*, 115 Conn. App. 752, 754–55, 974 A.2d 729 (2009), cert. denied, 294 Conn. 929, 986 A.2d 1057 (2010).

The petitioner was charged with eight counts of assault in the first degree as an accessory and two counts of conspiracy to commit assault in the first degree. A jury found the petitioner guilty on all charges, except for one count of assault in the first degree as an accessory. The trial court, *Thim, J.*, sentenced him to a total effective term of thirty-five years incarceration. This court affirmed the trial court's judgment. Id., 754.

On January 20, 2012, the petitioner filed an amended petition for a writ of habeas corpus.[1] The petition contains three counts. Count one alleges that Michael Moscowitz, the petitioner's trial counsel, rendered

ineffective assistance.[2] Count two alleges that James B. Streeto, the petitioner's appellate counsel, rendered ineffective assistance.[3] Count three alleges that David R. Shannon, the prosecutor at the criminal trial, engaged in prosecutorial misconduct.[4]

Following a trial to the court, the habeas court, *Newson, J.*, denied the petition for a writ of habeas corpus.[5] Subsequently, the petitioner filed a petition for certification to appeal, which the court denied on the basis of his failure to file the petition by the statutory deadline mandated under General Statutes § 52-470 (g).[6] The petitioner then filed a motion to reconsider, wherein he addressed the court's conclusion that his petition was untimely and requested that the court reconsider its ruling on that basis. The petitioner simultaneously filed, along with his motion to reconsider, a motion for permission to file a late petition for certification to appeal and another petition for certification to appeal. The court denied both motions as well as the petition. This appeal followed.

We begin our analysis by setting forth the relevant standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Internal quotation marks omitted.) *Miller* v. *Commissioner of Correction*, 153 Conn. App. 747, 751,     A.3d     (2014).

On appeal, the petitioner claims that the habeas court abused its discretion by denying his petition for certification to appeal. He bases his claim solely on the assertion that his claim of ineffective assistance of trial counsel, which he proclaims the habeas court improperly rejected, is not frivolous.[7] Following a careful review of the record before us, we find no indication that the petitioner is challenging, on appeal, the habeas court's denial of his petition on the basis of his failure to file the petition by the statutory deadline mandated under § 52-470 (g), which constituted the actual basis for the court's denial of the petition. As a result of his failure to address the court's conclusion that his petition for certification to appeal was untimely, the petitioner has not met his burden to prove that the court abused its discretion in denying the petition. See, e.g., *Ingels*

v. *Saldana*, 103 Conn. App. 724, 728–29, 930 A.2d 774 (2007) ("[w]e decline to address the issue briefed because it is irrelevant to the judgment from which the defendant appeals"); *Housing Authority* v. *Olesen*, 31 Conn. App. 359, 361, 624 A.2d 920 (1993) ("we decline to address this issue because it is irrelevant to the disposition of the appeal").[8]

The appeal is dismissed.

[1] The petitioner first filed a petition for a writ of habeas corpus on April 8, 2010.

[2] The habeas court noted that, prior to the habeas trial, the petitioner withdrew all allegations underlying his claim of ineffective assistance of counsel against Moscowitz, except for one alleging that Moscowitz rendered ineffective assistance of counsel on the basis of his failure to object to an allegedly improper jury instruction.

[3] The habeas court noted that, prior to the habeas trial, the petitioner withdrew all allegations underlying his claim of ineffective assistance of counsel against Streeto, except for one alleging that Streeto rendered ineffective assistance of counsel on the basis of his failure to challenge, on direct appeal, the trial court's alleged refusals to permit Moscowitz to make a record at certain critical stages of the trial.

[4] The habeas court noted that, prior to the habeas trial, the petitioner withdrew his claim of prosecutorial impropriety against Shannon in its entirety.

[5] The habeas court determined that the petitioner failed to prove that he was prejudiced by the allegedly deficient performance rendered by Moscowitz. The court did not reach the question of whether Moscowitz' performance was, in fact, deficient. The court also determined that the petitioner failed to prove that Streeto's performance was deficient or that Streeto's performance prejudiced him.

[6] General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

Prior to the habeas court's denial of his petition for certification to appeal, the petitioner filed a motion for extension of time to file his petition for certification to appeal, which the court denied.

[7] Both the petitioner and the respondent, the Commissioner of Correction, briefed this claim in their respective appellate briefs and argued it before this court. Neither party addressed the habeas court's conclusion that the petition for certification to appeal was untimely.

[8] Although we do not address the question of whether the habeas court abused its discretion in denying the petition for certification to appeal on the basis of untimeliness, we acknowledge that this court has dismissed appeals from habeas court judgments in which those courts denied, on the basis of untimeliness, petitions for certification to appeal. See *Parker* v. *Commissioner of Correction*, 117 Conn. App. 727, 731–32, 980 A.2d 930, cert. denied, 294 Conn. 917, 983 A.2d 851 (2009); *Alvarado* v. *Commissioner of Correction*, 75 Conn. App. 894, 895–96, 818 A.2d 797, cert. denied, 264 Conn. 903, 823 A.2d 1220 (2003).