******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEPHEN S.* *v.* COMMISSIONER
OF CORRECTION
(AC 42384)

DiPentima, C. J., and Lavine and Keegan, Js.

*Syllabus*

The petitioner, who had been convicted of multiple charges involving the
sexual abuse of a minor, filed a third petition for a writ of habeas corpus,
claiming that his trial counsel and appellate counsel had rendered inef-
fective assistance. The first two habeas courts denied the first two
petitions. The third habeas court rendered judgment declining to issue
the writ, determining, pursuant to the applicable rule of practice (§ 23-
24 (a) (2)), that the petition was frivolous on its face. The court stated
that the petitioner's third petition raised claims that were identical to
those raised, litigated and resolved against the petitioner in his first two
habeas petitions. The court thereafter granted the petitioner certification
to appeal, and the petitioner appealed to this court, asserting that his
third petition was not wholly frivolous because the claims it raised were
different from the claims raised in his first two petitions. After the
parties submitted their briefs to this court, the respondent Commissioner
of Correction conceded that the habeas court had erroneously declined
to issue the writ and concluded that the matter had to be remanded to
the habeas court with direction to issue the writ. *Held* that the habeas
court abused its discretion in declining to issue the writ of habeas corpus
on the ground that the petitioner's habeas petition was wholly frivolous
on its face; the petition alleged cognizable claims of ineffective assis-
tance of trial counsel and prior habeas counsel, and a claim of actual
innocence that had not been pleaded in previous petitions, and the
petitioner's claims should have survived the screening function of Prac-
tice Book § 23-24 and entitled the petitioner to present evidence in
support of his claims.

Submitted on briefs March 17—officially released July 21, 2020

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, rendered judgment declining to
issue a writ of habeas corpus; thereafter, the petitioner,
on the granting of certification, appealed to this court.
*Reversed; judgment directed; further proceedings.*

*Vishal K. Garg*, assigned counsel, filed a brief for the
appellant (petitioner).

*Kevin T. Kane*, chief state's attorney, and *Timothy
J. Sugrue*, assistant state's attorney, filed a brief for the
appellee (respondent).

*Opinion*

KEEGAN, J. The petitioner, Stephen S., appeals from the judgment of the habeas court declining to issue a writ of habeas corpus pursuant to Practice Book § 23-24 (a) (2) because the petition was "wholly frivolous on its face." On appeal, the petitioner claims that the habeas court improperly declined to issue the writ of habeas corpus because the claims raised in his current habeas petition are different from the claims raised in his two prior habeas petitions, and, therefore, his pleading is not wholly frivolous. After the parties submitted their briefs, the respondent, the Commissioner of Correction, citing to *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 560, 223 A.3d 368 (2020), conceded that the habeas court erroneously declined to issue the writ and concluded that the matter must be remanded to the habeas court with direction to issue the writ. We agree that a remand to the habeas court is appropriate, and, thus, the judgment is reversed and the case is remanded with direction to issue the writ of habeas corpus.

The following facts and procedural history are relevant to this appeal. Following a jury trial, the petitioner was found guilty of multiple charges involving the sexual abuse of a minor and was sentenced to sixty years of incarceration. The petitioner appealed from the judgment of conviction to this court, claiming that the trial court improperly allowed (1) pornographic materials to be admitted into evidence even though the victim had not specifically identified them, (2) the admission of prejudicial hearsay pursuant to the constancy of accusation doctrine, and (3) prosecutorial misconduct to occur. This court disagreed and affirmed the judgment of the trial court.

Thereafter, the petitioner filed his first petition for a writ of habeas corpus in which he alleged the ineffective assistance of his trial counsel, Martin McQuillan, and his appellate counsel, David T. Grudberg. Specifically, the petitioner claimed that McQuillan had failed (1) to "conduct sufficient consultation regarding the medical proofs available to the state," (2) to "meaningfully challenge the testimony of medical personnel who testified for the state," (3) to "present medical testimony to support the petitioner's declaration of innocence," (4) to "introduce as evidence medical reports concerning the complaining witness' behavior and mental health," (5) to "object to constancy of accusation witnesses," and (6) to "object to the state's attorney's cross-examination of the [petitioner]." Thereafter, the petitioner amended his petition to include a claim that McQuillan had failed to adequately consult with an expert, and to present expert testimony, regarding child abuse and sexual child abuse "within the context of the criminal case allegations and available information." Additionally, the petitioner claimed that Grudberg had failed (1)

to "raise as an issue the trial court's overruling of [the petitioner's] objection to allowing the constancy of accusation witnesses to testify that the [victim] told them about oral, anal and vaginal contact," and (2) to adequately "[present] the prosecutorial misconduct claim regarding the prosecutor's cross-examination of the [petitioner] because he failed to detail all of the instances of claimed misconduct and failed to provide a [harm] analysis."

After a trial on the merits, the habeas court, *T. Santos, J.*, concluded that the petitioner had failed to prove any of his claims of ineffective assistance of counsel and, accordingly, denied the petition in a lengthy and comprehensive memorandum of decision. The petitioner appealed from the judgment of the habeas court, claiming that the habeas court erred in denying his claim of ineffective assistance of counsel because his trial counsel failed to sufficiently consult with an expert witness (1) regarding the physical evidence of sexual abuse and (2) in the field of child sexual abuse to refute the prosecution's witness. See *Stephen S.* v. *Commissioner of Correction*, 134 Conn. App. 801, 802, 40 A.3d 796, cert. denied, 304 Conn. 932, 43 A.3d 660 (2012). This court affirmed the judgment of the habeas court. Id.

Thereafter, the petitioner filed his second habeas petition, in which he claimed that McQuillan, his criminal trial counsel; Bruce B. McIntyre, his habeas counsel; and Mary Trainer, his appellate habeas counsel, were ineffective. Specifically, the petitioner alleged that McQuillan failed to properly and adequately to investigate evidence underlying the petitioner's case and to consult with and to present expert testimony needed to refute allegations of sexual assault against the petitioner. McIntyre, he claimed, had failed to properly and adequately raise and argue the petitioner's constitutional right to the effective assistance of counsel pursuant to the sixth and fourteenth amendments to the United States constitution and article first, §§ 8 and 9, of the constitution of Connecticut. Last, the petitioner claimed that Trainer failed to raise a claim on appeal contesting the determination of the habeas court that the petitioner's right to the effective assistance of counsel was not violated when McQuillan failed "to consult with a medical expert." Following a trial, the habeas court, *Fuger, J.*, held that the claims asserted against McQuillan were successive to the claims that had been pleaded against him in the first habeas petition. Additionally, the court concluded that the petitioner's claims were "absurd given the fact that he actually consulted with and used" the medical expert in question. Finally, the court concluded that the remaining claims against McIntyre and Trainer were unsupported by the evidence that was presented to the court. The petitioner filed an appeal from the second habeas court's judgment but later withdrew it.

Subsequently, the petitioner filed his third habeas petition, as a self-represented party, which is the subject of the present appeal. Again, the petitioner claimed that McQuillan and Grudberg had been ineffective. Specifically, the petitioner claimed that McQuillan was ineffective in his representation because he failed (1) to file a motion to dismiss the charges, (2) to investigate and to present evidence regarding the petitioner's custody battle with his former wife, (3) to impeach the testimony of his former wife regarding access she and the victim had to his apartment and his belongings, (4) to challenge the testimony of the state's witness, Janet Murphy, a nurse practitioner, regarding her credentials and qualifications, and her physical and psychological examination of the victim, (5) to present the testimony of various medical and psychological experts, (6) to object to, obtain, challenge, and preserve medical and psychiatric clinic and hospital records relating to the victim that had been redacted at trial, (7) to investigate and to present the testimony of a defense character witness, (8) to move to compel a pretrial competency hearing regarding the victim, and (9) to move for a judgment of acquittal "on a case that was a 'credibility contest.' " Additionally, the petitioner further claimed that Grudberg had failed to raise a claim on direct appeal regarding the redacted records that served as the basis for the claim against McQuillan previously set forth. Last, the petitioner asserted a claim of actual innocence, which was predicated on McQuillan's alleged deficiencies.

Following the filing of the petitioner's petition for a writ of habeas corpus, the court, *Newson, J.*, issued a judgment declining to issue the writ: "Pursuant to Practice Book § 23-24 (a) (2) . . . the [petition] is wholly frivolous on its face, to wit: The petition raises claims identical to those already raised, litigated, and resolved against the petitioner in [the first and second habeas actions]." Thereafter, the petitioner filed a motion for rectification requesting that the habeas court "rectify the record to include any materials from the petitioner's prior cases upon which the [court] relied when arriving at its decision." The habeas court denied the petitioner's motion, explaining that rectification is not necessary, as the court may take judicial notice of the petitioner's previous habeas files. Thereafter, the petitioner filed a petition for certification to appeal, which was granted. This appeal followed.

We begin with the standard of review. The habeas court's determination that a petition for a writ of habeas corpus is frivolous, and its decision declining to issue the writ of habeas corpus, are reviewed for an abuse of discretion. *Fernandez* v. *Commissioner of Correction*, 125 Conn. 220, 223, 7 A.3d 432 (2010), cert. denied, 300 Conn. 924, 15 A.3d 630 (2011).

Practice Book § 23-24, titled "Preliminary Consideration of Judicial Authority," provides in relevant part:

"(a) The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that . . . (2) the petition is wholly frivolous on its face . . . ." In the present matter, the sole issue before this court is whether the habeas court abused its discretion in declining to issue the petitioner's writ of habeas corpus pursuant to § 23-24 (a) (2) because the petition was "wholly frivolous on its face . . . ."

Although there is limited authority addressing Practice Book § 23-24 (a) (2), we find three cases, *Alvarado* v. *Commissioner of Correction*, 75 Conn. App. 894, 818 A.2d 797, cert. denied, 264 Conn. 903, 823 A.2d 1220 (2003), *Fernandez* v. *Commissioner of Correction*, supra, 125 Conn. App. 220, and *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 548, to be particularly instructive to the resolution of the present appeal.

In *Alvarado*, the self-represented petitioner alleged that his confinement was illegal because a "parole hearing was denied [to him] or the hearing was improper." (Internal quotation marks omitted.) *Alvarado* v. *Commissioner of Correction*, supra, 75 Conn. App. 894–95. Thereafter, the habeas court dismissed the petition for a writ of habeas corpus pursuant to Practice Book § 23-24 (a) (2) because the petition was "frivolous on [its] face," as it failed "to allege specific facts of ineffective assistance of counsel or 'any other claim[s] as to why [the petitioner's] conviction is illegal.' " Id., 895. Upon a review of the record, this court concluded that, because the petitioner failed to allege any specific facts of ineffective assistance of counsel or any other claim as to why his underlying conviction was illegal, the habeas court did not abuse its discretion in declining to issue a writ of habeas corpus pursuant to § 23-24 (a) (2). Id., 896.

In *Fernandez*, the self-represented petitioner alleged that he was a "foreign national, who is being treated as a 'slave' and a 'prisoner of war' in that he is being held at the 'plantation of MacDougall-Walker' [Correctional Institution] in violation of his constitutional rights and 'Geneva Convention Treaties, Convention Against Torture, European Convention on Human Rights and U.S. Human Rights Acts.' " *Fernandez* v. *Commissioner of Correction*, supra, 125 Conn. App. 224. On appeal, this court concluded that, because the petitioner was incarcerated as a result of convictions of crimes of which he had been found guilty, the habeas court did not abuse its discretion in declining to issue a writ of habeas corpus. Id.

Additionally, we find that *Gilchrist*, a recent decision of our Supreme Court, provides clarity as to the precise issue before us, although it is procedurally distinct from the present case. In *Gilchrist*, the self-represented petitioner filed a petition for a writ of habeas corpus. *Gilch-*

*rist* v. *Commissioner of Correction*, supra, 334 Conn. 550. He included with the petition an application for a waiver of fees and the appointment of counsel. Id., 551. Thereafter, the habeas court assigned a docket number to the petition and granted the petitioner's application for a waiver of fees but took no action regarding his request for the appointment of counsel. Id. One week later, the habeas court, sua sponte and without providing notice to the petitioner or giving him an opportunity to be heard, rendered judgment of dismissal because the court lacked jurisdiction pursuant to Practice Book § 23-29 (1). Id., 551–52. The habeas court granted the petitioner's petition for certification to appeal, and this court affirmed the habeas court's judgment of dismissal. Id., 552. Our Supreme Court granted the petitioner's petition for certification to appeal. The revised certified question before our Supreme Court was as follows: "Did the Appellate Court properly affirm the habeas court's dismissal of the petition under . . . [Practice Book] § 23-29 when that dismissal occurred before the habeas court ordered the issuance of the writ pursuant to . . . [Practice Book] § 23-24?" Id. Our Supreme Court answered that question in the negative, explaining that, "when a petition for a writ of habeas corpus alleging a claim of illegal confinement is submitted to the court, the following procedures should be followed. First, upon receipt of a habeas petition that is submitted under oath and is compliant with the requirements of Practice Book § 23-22; see Practice Book §§ 23-22 and 23-23; the judicial authority must review the petition to determine if it is patently defective because the court lacks jurisdiction, the petition is wholly frivolous on its face, or the relief sought is unavailable. Practice Book § 23-24 (a). If it is clear that any of those defects are present, then the judicial authority should issue a judgment declining to issue the writ, and the office of the clerk should return the petition to the petitioner explaining that the judicial authority has declined to issue the writ pursuant to [Practice Book] § 23-24. Practice Book § 23-24 (a) and (b). If the judicial authority does not decline to issue the writ, then it must issue the writ, the effect of which will be to require the respondent to enter an appearance in the case and to proceed in accordance with applicable law. At the time the writ is issued, the court should also take action on any request for the appointment of counsel and any application for the waiver of filing fees and costs of service. See Practice Book §§ 23-25 and 23-26. After the writ has issued, all further proceedings should continue in accordance with the procedures set forth in our rules of practice, including Practice Book 23-29." *Gilchrist* v. *Commissioner of Correction*, supra, 562–63.

In clarifying this procedure, our Supreme Court explained that habeas courts should proceed "with a lenient eye" and "[allow] borderline cases to proceed"

when determining whether to issue a writ of habeas corpus: "To be clear, the screening function of Practice Book § 23-24 plays an important role in habeas corpus proceedings, but it is intended only to weed out obviously and unequivocally defective petitions, and we emphasize that [b]oth statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims." (Internal quotation marks omitted.) Id., 560. As our Supreme Court explained, "[t]he justification for this policy is apparent. If the writ of habeas corpus is to continue to have meaningful purpose, it must be accessible not only to those with a strong legal background or the financial means to retain counsel, but also to the mass of uneducated, unrepresented prisoners." (Internal quotation marks omitted.) Id.

Upon a review of case law in our jurisdiction, we conclude that the facts in both *Alvarado* and *Fernandez* are distinguishable from the present case. In the present case, the petitioner's petition for a writ of habeas corpus alleged cognizable claims of ineffective assistance of trial and prior habeas counsel along with a claim of actual innocence. These claims on their face are not "obviously and unequivocally defective"; id.; but, rather, are cognizable claims that should have survived the "screening function" of Practice Book § 23-24 and entitled the petitioner to present evidence in support of his claims. Specifically, the petitioner alleged a claim of ineffective assistance of second habeas counsel in which he asserted that first habeas counsel had been ineffective for failing to claim that his trial and appellate counsel were ineffective. To support his claim, the petitioner identified specific witnesses' testimony that would have been favorable to him, raised issues pertaining to the adequacy of medical professionals who were called to testify as to the reliability of the allegations against him, and argued that a "toluidine blue dye test" should have been conducted. Additionally, the petitioner asserted a claim of actual innocence, a claim that had not been pleaded in previous petitions. In light of the foregoing facts and case precedent, we conclude that the habeas court abused its discretion in declining to issue the writ on the ground that the petition was wholly frivolous on its face.

The judgment is reversed and the case is remanded with direction to issue the writ and for further proceedings according to law.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to use the petitioner's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.